IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | | |
|---|---|---|
| THERMO PRESSED LAMINATES LLC, an Oregon Corporation, | ) ) ) | No. 1:13-cv-01330-CL |
| Plaintiffs, | ) ) | **ORDER** |
| v. | ) ) ) | |
| ARCLIN USA LLC, a Delaware limited liability company, ARCLIN SURFACES, LLC, a Delaware limited liability company, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**PANNER, J.**

Plaintiff moves for a preliminary injunction ordering Defendants to continue selling saturated melamine paper to Plaintiff and to sell those products at the same price that Defendants provide to their most favored customer.  Plaintiff's motion is GRANTED in part and DENIED in part.

## **Background**

Plaintiff owns and operates a manufacturing plant in Klamath Falls, Oregon.  Plaintiff produces thermo-fused melamine and laminated panels for resale throughout the United States.

1 - ORDER

Defendants produce saturated melamine paper, a vital component in the production of thermo-fused melamine and laminated panels. Defendants are alleged to have acquired a dominant position in the North American market for melamine paper.

For over 13 years, Plaintiff has purchased saturated melamine paper from Defendants. Melamine paper is one of the largest costs associated with Plaintiff's operation. For the most part, Plaintiff operated profitably until the 2008 recession. For the last several years, Plaintiff has operated at a loss.

In April, 2013, Plaintiff discovered that Defendants had been selling melamine paper to one of Plaintiff's competitors at a price lower than Plaintiff received. Plaintiff then brought this action alleging price discrimination and seeking preliminary and permanent injunctions, as well as damages.

Shortly after Plaintiff filed its motion, Defendants informed Plaintiff that, because of this action, Defendants had decided not to accept any orders for melamine paper from Plaintiff. Defendants also imposed new conditions on the payment of outstanding orders.

In response, Plaintiff sought and obtained a temporary restraining order requiring Defendant to continue to supply melamine paper consistent with the terms and conditions prevailing between the parties immediately before the commencement of litigation.

### **Legal Standards**

The party seeking a preliminary injunction "must establish

that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Winter v. Natural Resources Defense Council, Inc.</u>, 555 U.S. 7, 20 (2008). The plaintiff "must establish that irreparable harm is <u>likely</u>, not just possible." <u>Alliance For The Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1131 (9th Cir. 2011). The Ninth Circuit has "glossed that standard by adding that there is a 'sliding scale' approach which allows a plaintiff to obtain an injunction where he has only shown serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." <u>Developmental Serv. Network v. Douglas</u>, 666 F.3d 540, 544 (9th Cir. 2011)(internal quotes and citations omitted).

A preliminary injunction can take two forms. A "prohibitory injunction" prevents a party from taking action and preserves the status quo pending a trial on the merits. <u>Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873, 878-79 (9th Cir. 2009). By contrast, a "mandatory injunction" requires a party to take some action. <u>Id.</u> A mandatory injunction "goes well beyond simply maintaining the status quo Pendente lite, [such injunctions are] particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party." <u>Anderson v. United States</u>, 612 F.2d 1112, 1114 (9th Cir. 1979)(quoting <u>Martinez v. Matthews</u>, 544 F.2d 1233) (5th Cir. 1976). Such injunctions should not be granted "unless extreme or

3 - ORDER

very serious damage will result and are not issued in doubtful cases or where the injury complained of is capable of compensation in damages." Id. at 1115 (quoting Clune v. Publishers' Ass'n of New York City, 214 F.Supp. 520, 531) (S.D.N.Y. 1963).

The findings of fact and conclusions of law made by a court in granting a preliminary injunction are not binding at trial on the merits. Univ. of Texas v. Camenisch, 451 U.S. 390, 395 (1981).

## Discussion

Plaintiff's Amended Motion for a Preliminary Injunction requests two distinct forms of relief. First, Plaintiff moves that Defendants be required to continue selling melamine paper to Plaintiff. Second, Plaintiff moves that Defendants be required to provide melamine paper to Plaintiff at the prices offered to Defendants' "most favored customers."

## I. Likelihood of Success on the Merits

Plaintiff alleges that Defendants' refusal to sell violates the Robinson-Patman Act and Section 2 of the Sherman Act.

To prevail on a motion for preliminary injunction, Plaintiff must show "serious questions going to the merits." Douglas, 666 F.3d 544. Although likelihood of success may be outweighed by other elements under the sliding scale approach, "if a plaintiff fails to show that he has some chance on the merits, that ends the matter." Id.

I conclude that Plaintiff has made a sufficient showing of serious questions going to the merits.

## II. Likelihood of Irreparable Harm

The record suggests that, without a preliminary injunction
to enforce the status quo, Plaintiff will be forced to cease
operations in the near future.  It is clear that if Plaintiff is
forced to cease operations, the company will go out of business.
The record makes it clear that monetary damages will not be
sufficient to repair that injury.  I therefore conclude that
Plaintiff is likely to suffer irreparable harm if a preliminary
injunction is not granted requiring Defendants to continue doing
business with Plaintiff.

## III. The Balance of Equities

Based on the record it appears that, for the time being,
Plaintiff cannot carry on its business without access to melamine
paper from Defendants.  Allowing Defendants to cut off
Plaintiff's access to melamine paper would likely force Plaintiff
out of business relatively quickly.

The harm posed to Defendants on this issue is, by contrast,
relatively slight.  Although they have an acknowledged interest
in choosing their customers, the record does not suggest that
continuing to do business with Plaintiff pending a trial on the
merits will impose any severe hardships on Defendants.  I
conclude that the balance of equities tips sharply in favor of
the Plaintiff on the issue of requiring Defendants to continue to
do business with Plaintiff.

On the preferential pricing issue, I note that Plaintiff has
apparently done business with Defendants for many years on the
existing terms.  It would undoubtably be to Plaintiff's benefit
if Defendants were required to extend it preferential pricing,

5 - ORDER

but that must be weighed against the harm to Defendants.  I find
that the equities do not tip in Plaintiff's favor on that issue.

**IV. The Public Interest**

The record establishes that Plaintiff's continued operation
is economically significant to the City of Klamath Falls, both in
terms of the workers employed by Plaintiff and the loans extended
to Plaintiff by the city and state governments.  Those public
entities would be harmed by Plaintiff going out of business.  I
conclude that the public interest weighs in favor of Plaintiff on
this point.

**V. Security**

"The court may issue a preliminary injunction or a temporary
restraining order only if the movant gives security in an amount
that the court considers proper to pay the costs and damages
sustained by any party found to have been wrongfully enjoined or
restrained." Fed. R. Civ. P. 65(c).  The court is invested with
broad discretion in determining whether a bond is necessary, as
well as the amount required. See Johnson v. Courturier, 572 F.3d
1067, 1086 (9th Cir. 2009).

As Defendants are enjoined only from refusing to do business
with Plaintiff consistent with the terms and conditions under
which the parties have historically operated, I conclude that a
large bond is not necessary.  Plaintiff is therefore ordered to
provide security in the amount of $100.

### Conclusion

Plaintiff's Amended Motion for Preliminary Injunction (#31)
is GRANTED in part and DENIED in part.  Defendants are restrained
from refusing to sell saturated melamine paper to Plaintiff

6 - ORDER

consistent with the terms and conditions that prevailed between the parties immediately prior to August 2, 2013.  Plaintiff is ordered to provide security in the amount of $100.  This order is effective October 25, 2013 at 12:00 p.m., consistent with my ruling from the bench.   It will remain in effect pending resolution of this action or until otherwise ordered by the court.

IT IS SO ORDERED.

DATED this __28__ day of October, 2013.  *9:00 A.M.*

_____
Owen M. Panner
United States District Judge

7 - ORDER